UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WINFRED THOMAS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:06CV1133-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

A jury found movant Winfred Thomas guilty of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. 922(g)(1), and on March 12, 2004, this Court sentenced Thomas under §924(e) as an armed career criminal to a term of imprisonment of 216 months. On July 8, 2005, the mandate issued on the Court of Appeals' judgment affirming Thomas's conviction and sentence. Now before the Court is Thomas's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence. The government has filed its response in opposition to the motion, and movant has filed no reply.

Ground One of the motion contains various ineffective assistance of counsel claims. To prevail on an ineffective assistance claim, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance.

Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Ground One alleges that Thomas's counsel rendered ineffective assistance by failing to call all witnesses Thomas requested. The lack of specificity and evidentiary support defeats this claim. Because movant does not identify the witnesses, does not demonstrate that they would have been available to testify in his behalf, and does not provide the substance of their testimony, he fails to establish that his counsel's failure to call the witnesses was substandard performance or that it prejudiced the defense. Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir. 2001).

In its response, the government construes Ground One as including a claim of ineffective assistance of trial counsel for failure to object to the admission of unspecified evidence at trial, instead merely challenging on appeal the sufficiency of the government's evidence to prove all the elements of the offense. Again the lack of specificity concerning the allegedly objectionable evidence defeats the argument, as no deficient

performance by counsel or resulting prejudice to the defense is shown.

In an attachment to the §2255 motion, Thomas argues that his counsel was also ineffective for failing to argue that Thomas was arrested for assault on officers and a month later indicted on the felon in possession charge of which he was ultimately convicted. The legal significance of such a failure is neither persuasively argued nor apparent. No prejudice from the failure to attempt such an argument is shown or explained.

Also in the addendum, movant refers to an evidence technician's report stating that no physical evidence was seized. To the extent movant contends his attorney failed to highlight evidence suggesting no guns were found in the automobile movant drove, the government points out that trial testimony indicated that Detective Stone, rather than the evidence technician, recovered the firearms from the Explorer. Neither defective performance by defense counsel nor prejudice to the defense is shown. The Court finds no right to relief on Ground One.

Ground Two is Thomas's claim that the armed career criminal sentencing enhancement was unlawful and erroneous because it was based on three prior burglary convictions which were consolidated and not properly counted separately. The government argues that this claim could have been raised on direct appeal.

> The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165...(1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987)...[Movant] is barred from bringing an action under 28 U.S.C. §2255 for unappealed errors to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, *supra*, 456 U.S. at 168[.]

Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992). Movant's failure to raise this sentencing issue on appeal would defeat the claim.

The Court notes, however, that in its per curiam opinion affirming the judgment against Thomas, the Court of Appeals references, and rejects, a sentencing argument made by movant in a pro se supplemental brief. The Eighth Circuit concludes that this Court was correct in finding the prior burglary convictions qualified as predicate offenses under the armed career criminal statute. United States v. Winfred Thomas, 4:03CR479-DJS [Doc. #96], p.3. To the extent this appellate argument mirrors or subsumes the argument movant here offers, the instant claim is foreclosed because claims raised and decided on direct appeal cannot be relitigated pursuant to §2255. See United States v. Davis, 406 F.3d 505, 511 (8th Cir. 2005); Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam).

In any event, the claim is without merit. Movant's record contained more than the three qualifying prior violent felony convictions required for armed career criminal status. In addition, the convictions movant suggests were related and should have been treated as a single conviction were committed on different occasions and were therefore properly counted separately. No right to relief is shown on Ground Two.

Thomas contends in Ground Three that the government's lab technicians tampered with evidence in violation of the 6th and 14th Amendments to the Constitution by removing the handles from the guns used in evidence. Again the government points out that movant could have raised this claim on direct appeal. The failure to do so precludes consideration of the claim in this §2255 context. Furthermore, movant's summary contention fails to persuasively argue that the manner in which the guns were processed resulted in any constitutional violation or resulted in any prejudice to the defense. Ground Three is found to be without merit, as well as forfeited by the failure to pursue it on direct appeal.

For all the foregoing reasons, upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28

U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this ___29th___ day of December, 2006.

                                                        /s/Donald J. Stohr  
                                                        UNITED STATES DISTRICT JUDGE